UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-61559-Civ-Cooke/Bandstra

RENEE J. FECTEAU,

    Plaintiff,
v.

CREDITORS INTERCHANGE
RECEIVABLES MANAGEMENT, LLC,

    Defendant.
_____/

## JOINT MOTION FOR PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT

### MOTION

    NOW COMES Plaintiff, RENEE J. FECTEAU, on behalf of herself and all others similarly situated ("Plaintiffs") and Defendant, CREDITORS INTERCHANGE RECEIVABLES MANAGEMENT, LLC ("Defendant") jointly move this Court for preliminary approval of class settlement and state as follows:

    1.    This action was brought by the Plaintiff on her own behalf and on behalf of all other persons similarly situated. Plaintiff's First Class Action Complaint alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et. seq.*, based on voice messages left by Defendant.

    2.    For settlement purposes only, the Parties have agreed to the certification of the following class under the FDCPA (the "Class"):

        a.    2,948 Florida residents for whom Defendant left a pre-recorded telephone message in which it failed to disclose that the communication was from a debt collector or that it was an attempt to collect a debt;

    b.  in an attempt to collect a debt incurred for personal, family, or household purposes;

    c.  arising from an alleged debt due to Capital One Bank;

    d.  from September 30, 2008 to October 1, 2009.

 3. Defendant denies that Plaintiffs are entitled to any damages but considers it desirable that the claims of Plaintiffs be settled to avoid the expense and uncertainties of continued litigation.

 4. After arms-length negotiations, the Parties have reached a proposed settlement of this putative class action. The parties desire to settle the action based upon the terms and conditions set forth in the Class Settlement Agreement executed by the parties and attached hereto as Exhibit A.

 5. Counsel for Plaintiffs and counsel for Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcome of one or more procedural and substantive appeals. Based on their review and analysis, and after arms-length negotiations, Plaintiffs and Defendant entered into the Class Settlement Agreement.

 6. Pursuant to the Class Settlement Agreement, Defendant has agreed to pay the following sums:

  (a) Relief to Plaintiff: Renee J. Fecteau will receive $1,000 in settlement of her individual claim and for services as Class Representative and she has the option of petitioning the Court for an additional $2,000 for serving as class representative;

  (b) Relief to Class: The Class will receive $25,200 which constitutes 70% of the statutory cap for class claims ("Class Common Fund"). Each Class participant shall receive a pro-rata share of the Class Common Fund, capped at $1,000 per Claimant. Any unclaimed amounts of the Common Class Funds shall be distributed by First Class, on behalf of CIRM to The Florida Bar Foundation as a cy pres award.

  (c) Attorney's Fees: The parties will attempt in good faith to agree upon an amount in attorneys fees, litigation expenses and costs; however if no agreement is reached, the issue shall be submitted to the Court for determination.

  (d) Class Notice: Defendant will provide notice to the Class and, through a Third Party Administrator, administer the distribution of the settlement checks to the Class and bear the expense thereof. Class members shall have thirty-five (35) days to object to the proposed settlement.

  7. Plaintiff and counsel for Plaintiff and the Class believe that the settlement of this action on the terms and conditions set forth in the Class Settlement Agreement, including the certification of the Class for settlement purposes only, is fair, reasonable and adequate, and would be in the best interests of the Class members.

WHEREFORE for the reasons more fully set forth in the Memorandum of Law below, the Parties jointly move the Court to preliminarily approve this Settlement and to certify for settlement purposes only the class defined as defined in the Settlement Agreement, along with any other relief the Court deems just and proper.

<u>**MEMORANDUM OF LAW**</u>

**I. PROCEDURAL HISTORY**

On September 30, 2009, Plaintiff filed this class action lawsuit in the United States District Court for the Southern District of Florida, alleging that Defendant violated the FDCPA. .

The parties have engaged in arms-length settlement negotiations and have agreed to terms of a class-wide settlement regarding all issues. Subject to the Court's approval, and, pursuant to Rule 23(e), the Parties request the Court to grant preliminary approval of the class action settlement and certification of the class for settlement purposes only.

## II.     STATEMENT OF FACTS

The parties have reached a class-wide settlement agreement pursuant to which:

(a)     Defendant shall pay a total of $25,200 to the class to be distributed on a pro rata basis to each class member on a claims-made basis, with no individual claim exceeding $1,000. (statutory damages pursuant to 15 U.S.C § 1692k(a)(2)(B));

(b)     Defendant shall pay Plaintiff $1,000.00 (statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)), plus her pro-rata share as a class member. The parties agree that Plaintiff shall be entitled to petition the Court for an additional $2,000 for her role as Class Representative and that Defendant reserves the right to contest this award;

(c)     Plaintiff shall be deemed the prevailing party for purposes of an award of costs, including reasonable attorney's fees. Defendant shall pay Plaintiff's costs, including reasonable attorney's fees. The parties will attempt in good faith to agree on an amount of costs and attorney fees; if no agreement is reached, the issue of costs will be submitted to the Court for determination; and

(d)     Defendant shall pay the costs of class administration directly to the class administrator for services rendering in the course of this settlement. Defendant's counsel shall be responsible for directing the class administrator.

### III. LEGAL ARGUMENT

#### A. Standard for Approval of Class Settlement

Rule 23(e) requires court approval of the terms of any settlement of a class action. *Bennett v. Behring Com.*, 737 F.2d 982, 986 (11th Cir. 1982). "A district court can approve a class action settlement only if it is fair, adequate and reasonable, and ... not the product of collusion." *Behrens v. Wometco Enterprises. Inc.*, 118 F.R.D. 534, 538 (S.D. Fla. 1988).

The Eleventh Circuit has approved six factors to be used in determining whether a settlement is fair, adequate and reasonable:

> (1) Plaintiff's likelihood of success on the merits; (2) the range of possible recovery; (3) the point on or below the range of recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of the litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennett*, 737 F.2d at 986.

#### B. The Class Action Settlement Agreement is Fundamentally Fair and Should be Preliminarily Approved.

The settlement proposed here is fair to all parties and class members. The FDCPA provides for statutory damages to the class not to exceed 1% of the net worth of Defendant. *See* 15 U.S.C. § 1692k(a)(2)(B). Defendant has agreed to pay-out to the class a total sum of $25,200 on a claims-made basis.[1] This $25,200 amount constitutes a 70% payout of 1% of Defendant's net worth cap under 15 U.S.C. § 1692k. *See* Declaration of Defendant regarding its net worth. Defendant has also agreed to pay for class administration, including the cost of the notices to be sent to the class members. Finally, Defendant has agreed to pay reasonable costs, including attorney's fees, as agreed to by the parties or approved by the Court. Consideration of these

---

[1] Assuming a claims return rate of 10%, the amount of recovery per claimant would be approximately $76.53. A more realistic claims return rate of 6% would result in a recovery of approximately $127.84 per claimant.

5

factors as delineated herein lead to the conclusion that preliminary approval of the Settlement, including class certification for settlement purposes, should be granted.

As part of their arms-length negotiations and representation of their respective clients, counsel for Plaintiff and the Class and counsel for Defendant reviewed and analyzed the legal and factual issues that would be presented by a trial, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through settlement, the protracted nature of the litigation and the likelihood, costs and possible outcome of one or more procedural and substantive appeals. Based on their review and analysis, and after arms-length negotiations, Plaintiff and the Class and Defendant entered into the Class Action Settlement Agreement which, based on the judgment of counsel for the Parties, is a fair, reasonable and adequate resolution of the litigation on behalf of all parties.

### 1. Strength of Plaintiff's Case Compared to Defendant's Settlement Offer

Plaintiff has alleged that Defendant left certain voicemail messages that violate the FDCPA. At trial, Defendant would present evidence that the class members did not incur consumer debts and that even if liability is proven, the class is entitled to little or no damages, based on the criteria set forth in the FDCPA. Specifically, in a class action, the size of a statutory damages award, if appropriate, is determined by considering (1) the frequency and persistence of noncompliance by the debt collector; (2) the nature of such noncompliance (3) the resources of the debt collector; (4) the number of persons adversely affected; and (5) the extent to which the debt collector's non compliance was intentional. *See* 15 U.S.C § 1692k(b)(2).

While Plaintiff is confident she will prevail on the claims for relief, Defendant may be successful in its efforts to eliminate or reduce the amount of damages sought under the aforementioned FDCPA criteria. Nevertheless, Defendant has also agreed to pay Plaintiff and

6

Class Representative Renee J. Fecteau $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).  Furthermore,  Plaintiff has obtained for the class members a reasonable percentage of the statutory damages permitted by law in light of the relative risks and prospects of recovery at trial.

>    **2.      The Range of Possible Recovery and the Point On or
>             Below the Range of Possible Recovery at which a
>             Settlement is Fair**

The next two *Bennett* factors – the range of possible recovery and the point on or below the range at which settlement is fair – focuses on possible recovery at trial and can be combined for the Court's consideration.  *See Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 541 (S.D. Fla. 1988); *see also In re Corrugated Container Antitrust Litigation*, 643 F.2d 195, 212 (5th Cir. 1981).

Class statutory damages are based on the net worth of Defendant.  *See* 15 U.S.C § 1692k(a)(2)(B). Defendant's net worth is approximately $3,600,000.  Therefore, the maximum the class could recover at trial – 1% of Defendant's net worth – is approximately $36,000. Plaintiff has obtained $25,200.00 in statutory damages for the class.  As discussed above, the factors to be used by the Court in determining the amount of statutory damages include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional."  15 U.S.C. § 1692k(b)(2).  Assuming a claims return rate of 10%, the amount of recovery per claimant would be approximately $76.53.  A more realistic claims return rate of 6% would result in a recovery of approximately $127.84 per claimant.  It is certainly not guaranteed that the class would receive the maximum amount of statutory damages from the jury.  Nonetheless, the

agreed settlement amount of $25,200 for the class represents an amount for the class members that is more than reasonable under for recovery under the FDCPA.

      3.    **Assessment of the Likely Complexity, Length and Expense of Further Litigation**

Although this case is not overly complex, further litigation would be expensive. Indeed, this case had been placed on this Court's fast track docket and trial was scheduled to take place quickly. Trial would cause both parties to incur significant expenses, including attorney's fees, including fees for a likely appeal by one or both sides. After lengthy and expensive proceedings, a possibility exists that little or no compensation would be recovered for the class. Defendant contends that this Settlement represents more than the Class would likely recover through continued litigation. Thus, because the issues regarding liability and the factors used to determine damages are unpredictable, the agreement reached is beneficial to the class.

      4.    **An Evaluation of the Amount of Opposition to Settlement Amount Affected Parties**

Currently, the Parties and their counsel know of no opposition to this proposed Settlement. Should any class member oppose the terms of the settlement, they may file an objection and be heard. Additionally, the Parties have agreed that any class members may elect to opt out of the settlement. Should they opt-out, they would have an opportunity to bring their own lawsuit against Defendant. Rule 23(e), Federal Rules of Civil Procedure, states: "(1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Here, the Parties have expressly incorporated an opt-out provision in the notices to the class.

      5.    **Stage of Litigation**

As part of their ongoing arms-length settlement negotiations, the Parties engaged in informal discovery related to the class. The informal discovery exchanged between the Parties

has provided respective counsel with sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation.

### IV.     CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

#### A.     Class Claims

##### 1.     Defendants' telephone messages allegedly violate the FDCPA.

The FDCPA prohibits "the failure to disclose . . . that the communication is from a debt collector." 15 U.S.C. § 1692e(11).  *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009); *Drossin v. National Action Financial Services, Inc.*, 641 F. Supp. 2d 1314 (S.D. Fla. 2009); *Begin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006).

Defendants' telephone messages to Ms. Fecteau and other class members allegedly failed to state that the call was from a debt collector.  Accordingly, Ms. Fecteau asserts that Defendants' telephone messages violated 15 U.S.C. § 1692e(11).  Other federal courts have certified similar FDCPA cases to proceed as a class action on conduct similar to that alleged here.  *Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. 608 (S.D. Fla. 2009); *Drinkman v. Encore Receivable Mgmt.*, 2007 WL 4458307, 2007 U.S. Dist. LEXIS 89514 (W.D. Wisc., Dec. 3, 2007).

##### 2.     No issues of intent or reliance exist.

Whether Ms. Fecteau or any other class member were misled is not an element of this cause of action.  "The question is not whether the plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

#### B.     Standard for Class Certification

In order for a class to be certified, all four requirements of Rule 23(a) must be satisfied along with one of the three categories of Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521

U.S. 591, 117 S. Ct. 2231, 2245, 138 L. Ed. 2d 689 (1997). In deciding a motion for class certification, the court must accept all allegations of the complaint as true. *Neumont v. State of Florida*, 198 F.R.D. 554, 557 (S.D. Fla. 2000). "Rule 23 must be liberally interpreted" and read to "favor maintenance of class actions." *King v. Kansas City Southern Industries*, 519 F.2d 20, 25-26 (7th Cir. 1975). Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. § 1692k(a) and (b) for FDCPA class action cases. In deciding whether to certify a class, a district court has broad discretion. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1669 (11th Cir. 1992).

### C. The Proposed Class Meets the Requirements for Certification.

#### 1. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." However, "impracticable" does not mean "impossible." *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 699 (M.D. Fla. 2000).

Defendants admit having placed 2,367 telephone messages regarding Target accounts. *See* Defendants' Supplemental and Amended Responses, Request for Admissions No. 13-18. Thus, this practice of Defendants meets the numerosity requirement of Rule 23(a). "When the class is large, numbers alone are dispositive." *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986). Where the class numbers 25 or more, joinder is usually impracticable. *Armstead v. Pingree*, 629 F.Supp. 273, 279 (M.D. Fla. 1986) (25 sufficient). "A class may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321 (E.D.N.Y. 1982). "The Court finds that joinder of roughly 200 parties would be impracticable considering their locations are in several different areas." *Fuller v. Becker & Poliakoff*, 197 F.R.D. at 699-700. *See Agan v. Katzman & Korr*, 222 F.R.D. 692, 696-97 (S.D.

Fla. 2004). "[W]here the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 3 Newberg on Class Actions (4th ed. 2002), § 7.22. The requirements of the Rule 23(a)(1) have been satisified here.

### 2. Commonality

Rule 23(a)(2) requires that there be a common question of law or fact. Not all factual or legal questions raised in the litigation need to be common so long as at least one issue is common to all class members. *Armstead v. Pingree*, 629 F.Supp.at 280; *Pottingar v. City of Miami*, 720 F. Supp. 955, 958 (S.D. Fla. 1989). "A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory." *Kornburg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). "Common nuclei of fact are typically manifest where, like in the case sub judice, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).

Here Ms. Fecteau and each class member allegedly received a scripted telephone message from Defendants that failed to state the call was from a debt collector. "To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter." *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999). "The very definition of this class logically involves common questions, such as whether the subject collection letter violates 15 U.S.C. § 1692g." *Macarz v. Transworld Systems, Inc.*, 193 F.R.D. 46, 49 (D. Conn. 2000). As set out above, the principal legal issue here is whether Defendants' telephone messages violated the FDCPA. Defendants have admitted that the messages left on Ms. Fecteau's answering machine were consistent with the standard phone messages that

Defendant's employees were instructed to leave. FDCPA claims based on standard language or standard practices are well suited for class certification. *Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. 608, 615-16 (S.D. Fla. 2009); *Swanson v. Mid Am, Inc.*, 186 F.R.D. at 668. Thus, the commonality requirement of Rule 23(a)(2) has been satisified.

### 3. Typicality

Rule 23(a)(3) requires that the claims of the named plaintiff be typical of the claims of the class. A claim is typical if it arises from the same practices that give rise to the claims of other class members and his or her claims are based on the same legal theory. *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985); *Kornburg v. Carnival Cruise Lines, Inc.*, 741 F.2d at 1337. *See Agan v. Katzman & Korr*, 222 F.R.D. at 698-99.

In the instant case, typicality is inherent in the class definition, i.e., each of the class members received a similar telephone message which failed to state that the call was from a debt collector. *See Fuller v. Becker & Poliakoff*, 197 F.R.D. at 700. Therefore, the typicality requirement of Rule 23(a)(3) has been met because each of the class members was allegedly subjected to the same violations as Ms. Fecteau. Thus, the commonality requirement of Rule 23(a)(3) has been satisified.

### 4. Adequacy of Representation

Rule 23(a)(4) requires that the named plaintiff provide fair and adequate protection of the interests of the class. "Under this criterion, the named plaintiffs must ensure that (1) no conflict of interest exists between them and the putative class members and that (2) the action will be vigorously prosecuted." *Israel v. Avis Rent-a-Car Sys.*, 185 F.R.D. 372, 380 (S.D.Fla. 1999).

Ms. Fecteau understands her responsibilities as the class representative. *See* the Declaration of Renee J. Fecteau in Support of the Joint Motion for Preliminary Approval of Class Action Settlement, filed separately. Further, Plaintiff is represented by counsel

experienced with the handling of consumer class actions. *See* Declaration of Donald A. Yarbrough in Support of the Joint Motion for Preliminary Approval of Class Action Settlement, filed separately.

A relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class. Here Plaintiff and the class members seek statutory damages as the result of Defendants' allegedly unlawful telephone messages. Given the identical nature of the claims between Ms. Fecteau and the class members, there is no potential for conflicting interests in this action. There is no antagonism between the interests of the Plaintiff and those of the class. The Rule 23(a)(4) adequacy requirement has been satisfied both as to Ms. Fecteau as class representative and as to class counsel.

**5.     Common Questions of law or fact predominate.**

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. "The predominance issue under Rule 23(b)(3) is whether the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." *Carter v. West Publ. Co.*, No. 97-2537-CIV-T-26A, 1999 WL 376502, *7, 1999 U.S. Dist. LEXIS 8231, at *22 (M.D. Fla. 1999). The U.S. Supreme Court stated that "predominance is a test readily met in certain cases alleging consumer . . . fraud." *Amchem Products, Inc. v. Windsor*, 117 S. Ct. at 2246.

In this case, the "common nucleus of operative fact" is that all class members, by definition, received telephone message(s) from Defendants that allegedly failed to state that the call was from a debt collector and thereby were subjected to the same violations of the FDCPA as Ms. Fecteau. Cases dealing with the legality of standardized documents and practices are generally appropriate for resolution by class action because the document is the focal point of the

analysis. *Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. 608 (S.D. Fla. 2009); *Swanson v. Mid Am, Inc.*, 186 F.R.D. at 668.

Because of the standardized nature of Defendants' alleged conduct, common questions predominate. The only individual issue is whether the individual Target credit card debt was for personal, family, or household purposes. Defendants are willing to agree for purposes of this motion only that each member of the potential class falls within the purview of the FDCPA.

### 6. Class Action is superior to other available methods to resolve this controversy.

"The superiority issue is whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Carter v. West*, 1999 WL 376502 at *21. Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented. "[T]he class action procedure allows for the efficient and economical litigation of a question potentially affecting every class member." *Kelly v. Sabretech Inc.*, 1999 U.S. Dist. LEXIS 15445, *8-9 (S.D. Fla. 1999). The Southern District of Florida found that "a class action is the superior method for adjudicating the claims of the Plaintiffs." *Id.* at *17. *See also Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. at 618.

The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill. 1992). It is proper for a court, in deciding the "best" available method, to consider the "inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

"In determining superiority, courts also consider the anticipated amount of recovery for each plaintiff. Class actions are particularly appropriate where multiple lawsuits would not be justified because of the small amount of money sought by the individual plaintiff. *See* Advisory Committee Note to 1996 Amendment to Rule 23." *Israel v. Avis Rent-a-Car Sys.*, 185 F.R.D. at 387. For an FDCPA claim, the class recovery of statutory damages is the lesser of $500,000 or 1% of Defendants' net worth. 15 U.S.C. § 1692k(a)(2)(B). Rule 23(b)(3) is satisfied because of the factual link between all class members and the defendants for which the law provides a remedy. *Fuller v. Becker & Poliakoff*, 197 F.R.D. at 700-01. Class certification of this FDCPA action will provide an efficient and appropriate resolution of the controversy. Thus, the preponderance and superiority elements of Rule 23(b)(3) have been met.

### V.     CONCLUSION

For all the reasons set forth above, the Parties respectfully request that this Court enter a Preliminary Approval Order in the form of Exhibit 4 to the Settlement Agreement which:

(i)     Grants preliminary approval of the proposed settlement;

(ii)    Certifies the class for purposes of settlement only;

(iii)   Directs the mailing of notice in the form of Exhibit 2(a) and 2(b) to the Settlement Agreement subject to any modification deemed necessary by the Court;

(iv)   Sets dates for objections;

(v)    Schedules a hearing for final approval;

(vi)   Extends the time for dismissing this matter under the Court's Case Management and Scheduling Order until such time as the Court grants Final Approval of the Class Settlement.

Respectfully submitted,

| | |
|---|---|
| Donald A. Yarbrough, Esq.<br>Attorney for Plaintiff<br>Post Office Box 11842<br>Ft. Lauderdale, Florida 33339<br>(954) 537-2000<br>donyarbrough@mindspring.com<br><br>By:  /s/ Donald A. Yarbrough    <br>     Donald A. Yarbrough<br>     Florida Bar No. 158658 | MARSHALL  DENNEHEY  WARNER<br>COLEMAN & GOGGIN, P.C.<br>Attorneys for Defendant<br>1 East Broward Boulevard, Suite 500<br>Fort Lauderdale, Florida 3301<br>Tel.:   (954) 847-4931<br>Fax:   (954) 627-6640<br>wsleavitt@mdwcg.com<br>By:  /s/ Wendy S. Leavitt    <br>     Wendy S. Leavitt<br>     Florida Bar No. 908819 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 19, 2010, I electronically filed the foregoing with the Clerk of the Court using CM/ECF to the recipients on the attached service list.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: (none)

          By:  /s/ Wendy S. Leavitt    
          Wendy S. Leavitt (Fla. Bar No. 908819)
          wsleavitt@mdwcg.com
          Attorneys for Defendants
          MARSHALL, DENNEHEY, WARNER,
            COLEMAN & GOGGIN
          1 East Broward Boulevard, Suite 500
          Ft. Lauderdale, Florida 33301
          Telephone:  (954) 847-4920
          Facsimile:   (954) 627-6640

SERVICE LIST

CASE NO. 09-61559-Civ-Cooke/Bandstra
*Renee J. Fecteau v. Creditors Interchange Receivables Management, LLC*

| | |
|---|---|
| Craig S. Hudson<br>cshudson@mdwcg.com<br>Wendy S. Leavitt<br>wsleavitt@mdwcg.com<br>MARSHALL, DENNEHEY, WARNER,<br>   COLEMAN & GOGGIN<br>1 East Broward Boulevard, Suite 500<br>Ft. Lauderdale, Florida 33301<br>Telephone:  (954) 847-4920<br>Facsimile:   (954) 627-6640<br>***Attorneys for Defendants***<br><br>**By CM/ECF** | DONALD A. YARBROUGH<br>donayarbrough@mindspring.com<br>Post Office Box 11842<br>Ft. Lauderdale, FL  33339<br>Telephone:  (954) 537-2000<br>Facsimile:   (954) 566-2235<br><br><br><br><br><br>***Attorneys for Plaintiff***<br><br>**By CM/ECF** |