UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61559-Civ-Cooke/Turnoff

RENEE J. FECTEAU,

    Plaintiff,

v.

CREDITORS INTERCHANGE
RECEIVABLES MANAGEMENT, LLC,

    Defendant.
_____/

## AGREED ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR INCENTIVE AWARD AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

This matter having come before the Court on Plaintiff's Motion for Attorneys' Fees [DE 39, 40, 41, 44, 45] and Plaintiff's Motion for Incentive Award [DE 36, 37, 38] and the Court, having reviewed the motion papers and having heard argument of counsel, and noting the agreement of the parties, and otherwise being fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that:

1. A hearing was held on these motions on June 30, 2011, at which counsel for both parties consented on the record to final determination of these matters by the undersigned United States Magistrate Judge.

2. As to the Motion for Incentive Award, the parties have informed the Court that First Class, Inc., the settlement administrator appointed by the Court, reported on June 24, 2011, that, after complying with the Final Order [DE44], the remaining balance is $1,447.71 (after all the checks were mailed, and the time for the checks to remain valid has passed). The breakdown is as follows:

    Check mailing date............................................................. 3/18/11
    Number of class member checks mailed.................................. 209
    Void after (days)..................................................................... 90
    Total settlement fund received from Defendant............. $25,200.00
    Less Cashed (1197 @ $120.57)......... ........................... ($23,752.29)
    **Remaining balance........................................................ $1,447.71**

    3.    In the Class Action Settlement Agreement, as approved by the Final Order, the parties had agreed to make an award of any remaining settlement funds as a *cy pres*[1] award to the Florida Bar Foundation. Because the *cy pres* award was meant to dispose of any remaining money that could not be distributed to class members, rather than returning it to Defendant, the parties have agreed to allow that amount, i.e., $1,447.71, to instead be distributed to Ms. Fecteau, the Class Representative.

    4.    The parties dispute whether Ms. Fecteau is entitled to any incentive award, but the parties have agreed to settle the Motion for Incentive Award in the manner set forth herein. The Court makes no determination that Ms. Fecteau is entitled to, or is not entitled to, any such award. The Court is ordering the distribution of the $1,447.71 to Plaintiff, not as an award, but rather, as an enforcement of the stipulated settlement in order to resolve Plaintiff's Motion for Incentive Award. Thus, the payment of the $1,447.71 is not to be considered the award of an incentive payment to Ms. Fecteau.

    5.    As to Plaintiff's Motion for Attorneys' Fees **[DE 39, 40, 41]**, Plaintiff submitted an original request for $6,223.00 in fees and $380.00 in costs, to which Defendant did not object.

---

[1] "*Cy pres*" is a French expression generally meaning "as near as possible" and is "a rule for the construction of instruments in equity, by which the intention of the party is carried out *as near as may be*, when it would be impossible or illegal to give it literal effect. Thus, where a testator attempts to create a perpetuity, the court will endeavor, instead of making the devise entirely void, to explain the will in such a way as to carry out the testator's general intention as far as the rule against perpetuities will allow." BLACK'S LAW DICTIONARY, 5th ed. 1979. It was used in the Class Action Settlement Agreement to refer to any portion of the Settlement Fund that could not be distributed to class members because of changes of address, failure to timely cash checks, or similar matters beyond the control of the parties.

Accordingly, the Court finds that Plaintiff's original request is reasonable and justified as to both the rates charged and the time incurred.

6. Plaintiff later submitted a supplemental request to which Defendant agreed in part and disagreed in part. **[DE44]**. The parties have agreed to settle this motion as follows. Defendant shall pay to Plaintiff's counsel a total of $7,583.00, as follows:

| | | |
|---|---|---|
| $6,223.00 | attorneys' fees per original motion for fees **[DE 39]** | |
| 380.00 | costs per original motion for fees **[DE 39]** | |
| 980.00 | attorneys' fees in supplemental request less $759.50 in fees waived by Plaintiff's counsel **[DE 44-1]** | |

Total:   $7,583.00

7. As to Plaintiff's supplemental request, the Court is not making a determination that Plaintiff's counsel is entitled to, or not entitled to, the supplemental fees requested (other than those to which Defendant has not objected, which the Court finds to be justified as to both the rates charged and the time incurred). Rather, the Court is ordering the payment of the supplemental fees as noted above to enforce the stipulated settlement of the parties on this issue.

**DONE AND ORDERED** in Chambers in Miami-Dade County, Florida, this _____ day of July 2011.

_____
WILLIAM C. TURNOFF
**UNITED STATES MAGISTRATE JUDGE**

cc:   Hon. Marcia G. Cooke
      Counsel of record.